### W. R. JACOBS *v.* H. M. PARKER.

JUSTICE OF PEACE. *Replevin. Jurisdiction.* The plaintiff procured a writ of replevin from a justice of the peace for a lot of cotton in the possession of the defendant, on affidavit, in which he stated that the cotton was worth $800. The officer executing the writ took the cotton from the defendant and delivered it to the plaintiff. On the trial of the case, the plaintiff dismissed his suit, whereupon the justice rendered judgment, directing him to deliver the cotton to the defendant, and in default of delivery, for the costs. The defendant appealed from this judgment to the Circuit Court, and there moved the court to correct the judgment of the justice, and render a judgment for double the amount of property taken, or for the value of the property taken unless the same be returned. This the court refused.

*Held,* that the justice of the peace had no jurisdiction of the subject-matter of the suit, the value of the property being beyond his jurisdiction, and that the proper judgment was for costs only.

Case cited: Gray *v.* Jones, 1 Head, 544.
Code cited: Secs. 3394 *a,* 3397.

FROM HARDEMAN.

Appeal from the Circuit Court. THOS. J. FLIP-PIN, Judge.

J. & F. FENTRESS for complainant.

MOORE & McNEAL for defendant.

FREEMAN, J., delivered the opinion of the court.

Jacobs commenced an action of replevin against Parker, before a justice of the peace for Hardeman county, for nine bales of cotton. The affidavit filed to obtain the writ states the value of the cotton to

Jacobs *v.* Parker.

be about $800.    Bond was given in the sum of $800
to prosecute the suit, and on failure to pay costs ad-
judged against him, and abide by and perform the
judgment of the court in the premises.

The writ was regularly issued requiring the officer
to deliver the property to the plaintiff, not stating,
however, the value of the cotton.    The officer exe-
cuted the summons and delivered the property accord-
ing to the mandate of the writ.    The case came on
to be tried before a different magistrate from the one
who had issued the writ, the parties being represented
by counsel, when the plaintiff dismissed his suit, as-
suming the costs.    Thereupon the justice, reciting the
fact of the delivery of the cotton to the plaintiff un-
der the writ, ordered and adjudged that the cotton
so taken be returned to the possession of the defend-
ant within a reasonable time, that is to say, the 1st
day of February, 1873, and on failure, the plaintiff
and his surety should pay five dollars damages.

From this judgment the defendant appealed to the
Circuit Court.

There the defendant in the replevin moved the
court to correct the judgment of the magistrate, and
render the judgment which should have been rendered
on the dismissal of the suit, claiming it should be
for double the amount of property taken under the
writ, or for the value of the property, unless the
same is returned.

The plaintiff moved the court to dismiss the ap-
peal and quash the proceedings, for want of jurisdic-
tion of the subject-matter.

Jacobs v. Parker.

The question for decision is, whether, on dismissal of an action of replevin by the plaintiff for want of jurisdiction in the magistrate, a judgment should be rendered for double the value of the property, if the plaintiff fail or refuse to deliver it up.

By the act of 1865–6, T. & S. Code, sec. 3394a, a justice of the peace is given jurisdiction "in actions of replevin or damages where the value of the property sued for or the damages do not exceed two hundred and fifty dollars."

By sec. 3397, it is provided: "If the justice adjudge the property to belong to the defendant, and the plaintiff fail or refuse to deliver it up to the defendant, the justice shall render judgment against the plaintiff and his sureties in double the value of the property replevied, and execution shall forthwith issue for the same and costs of suit."

Under the act of 1851–2, a justice only had jurisdiction in replevin cases where the value of the property taken or detained did not exceed fifty dollars.

In the case of *Gray* v. *Jones*, 1 Head, 544, the plaintiff brought replevin for a mule, which he alleged in the warrant was of the value of fifty dollars. The jury found a special verdict, on appeal to the Circuit Court, and assessed the value of the property at $110. On the special verdict the Circuit Judge gave judgment for the defendant; and, in the event the plaintiff failed to return the property, gave judgment for the defendant for the $110, and ten dollars damages found by the jury. This judgment was reversed, on the ground that the plaintiff had fixed the

value of the mule at fifty dollars in the warrant, and the justice had jurisdiction in the case, Judge McKinney saying that, "so far as the plaintiff was concerned, and for the purpose of the determination of this particular suit, the jury should have been instructed they could not go beyond the fifty dollars as fixed by the warrant." This could only apply to the amount of damages the plaintiff should recover for seizure and detention of the property, as he had the property in his possession by the writ. It would appear from this case, that the court held that whatever might be the true value of the property, that as to the plaintiff, at least, the justice had jurisdiction over the case, if the value of the property as fixed by the plaintiff in his writ was within the jurisdiction of the justice. The statute does not require the value of the property to be stated in the writ, but only "that it be described with reasonable certainty," and then the clerk (or justice) shall "value the property according to the description in the affidavit," for the purpose of fixing the penalty of the bond, which shall be in double the value of the property. It is obvious, under the decision above quoted, a plaintiff could recover property of the value of one thousand dollars, before a justice of the peace, by only fixing its value in the writ at a sum under the jurisdiction of the magistrate; and, in fact, in the case a judgment was rendered for the plaintiff, and he had a recovery of his mule, valued by the jury at $110.

But, without criticising this opinion further, which in several other propositions is hardly reconcilable with

sound logic, we come to the question to be deter-
mined here.

The warrant does not state the value of the prop-
erty. The affidavit does, however, and by it the
plaintiff might well be bound, on the principle of
estoppel; but we take it, there being no proof in
the case, that the value of the property as fixed by
the justice for the purpose of settling the amount of
the bond, should be taken by this court as the value
of the property, he being required, for the purposes
of the suit, by law to fix the value. This would
make it worth $400. It then clearly appeared, from
the face of the papers, that the justice had no juris-
diction of the case whatever, and could make no ad-
judication whatever of the rights of the parties. The
case having been dismissed by the plaintiff, all he
could do was to render judgment for costs, and leave
the party, injured by the wrongful use of process
issued, to his remedy for redress of the wrong,—by
suit possibly on the replevin bond, or in an action
on the case for damages for wrongfully suing out the
writ, or to prosecute an action in a proper forum to
regain possession of the property wrongfully taken
from him.

If the justice had jurisdiction of the case, and the
property was of the value of $250, then, under sec.
3397, he could have rendered judgment for $500—
double its value—against plaintiff and the sureties on
his bond, certainly upon adjudging the property to
belong to defendant, and we think it but a fair con-
struction of the statute, that he could equally have

done so on the plaintiff's dismissing his suit, such judgment being conditioned that if the plaintiff fail to deliver the property within a time fixed, execution to issue forthwith on such failure.

While the view we have taken of the case would seem to enable a party to take advantage of judicial process to perpetrate a wrong, and forbid the court under whose process the wrong was done from redressing it, yet it is difficult to see how this result can be avoided without overstepping the limits assigned to the jurisdiction of a justice by the statute. This jurisdiction being given alone by the statute, we can only look to the statutes for its boundaries.

Let the judgment be affirmed.

Dissenting opinion by McFARLAND, J.

I do not concur in the opinion announced by Judge Freeman. The warrant was regular upon its face, and does not disclose any want of jurisdiction. The officer was bound to obey it, and the defendant to submit to have his property taken. It does not appear that any trial was had, or that the cause was dismissed for want of jurisdiction, but simply that the plaintiff dismissed his suit and assumed the costs. The plaintiff having stated in his affidavit that the property was worth $800, might be estopped to assert that the justice had jurisdiction. But upon the dismissal by the plaintiff, it then became a question whether the justice had jurisdiction to render a judgment for the defendant, and the defendant would not

be precluded by the statement in the affidavit of the plaintiff. And if he had shown by proof that the property did not exceed $250 in value, the justice would certainly have had jurisdiction to render the usual judgment in his favor.

But I go farther. The justice had no jurisdiction to try the right to the property, which is the question involved in replevin, if it exceed $250 in value. But he has not tried this question, nor attempted to do so. The plaintiff confesses that he has improperly obtained possession of the property under the writ, and dismissed his suit. This settles the question that the property ought to be restored to the defendant. But it is said the justice cannot order this done, because. he has not jurisdiction to try the cause. What question is it necessary for the justice to determine judicially in order to render the judgment for the defendant in this case? Simply the number of pounds of cotton, and its value. This would be the only question before him. It requires no more legal attainments to settle the value of 1,000 pounds than 100. Besides, in rendering judgment for the defendant, the justice is not limited to the amount of $250. By the express words of the statute, he may render judgment for double the value of the property, which may be $250, making the judgment $500. In rendering this judgment when the plaintiff dismisses his suit, the justice settles no question—tries nothing; he simply orders, what the law itself settles as an inevitable consequence of the dismissal of the suit, that the property should be returned to the defendant, and he

Jacobs *v.* Parker.

enforces this order by giving judgment for a penalty which the statute prescribes—that is, double the value of the property—and this is all the justice determines; and we have seen that in such cases he is not confined to the value of the property.

The contrary holding allows an insolvent plaintiff, by the aid of judicial process, regular on its face, to obtain another's property, dismiss his suit, and retain the property and place it beyond the defendant's reach; leave him to an expensive and circuitous remedy by another action. And, upon the theory of the majority opinion, the bond might be held void, upon the ground that the magistrate had no jurisdiction to take it. I think the justice, although without jurisdiction to try the merits of the cause, could yet put the parties where he found them. This, if not the letter of the law, seems to me to be the spirit.

In this Judge NICHOLSON concurs.